**UNITED STATES of America,**
**Appellee,**

v.

**Earl S. WEAVER, Appellant.**

**No. 11119.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1967.

Decided Oct. 30, 1967.

John A. Shorter, Jr., Washington, D. C., Court-appointed counsel (Robert M. Alexander, Arlington, Va., on brief), for appellant.

Stefan C. Long, Asst. U. S. Atty., (C. V. Spratley, Jr., Norfolk, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and WINTER, Circuit Judges.

HAYNSWORTH, Chief Judge:

The defendant appeals from his conviction on a charge of possession of narcotics, contending that his arrest and incidental search were illegal because of delays in the execution of an arrest warrant.

A concededly valid arrest warrant charging the defendant with narcotic violations was issued in the District of Columbia. Narcotic agents testified that they attempted to locate the defendant in order to execute the warrant by surveillance of places and areas he was thought to frequent. They had not found him some sixteen days later when they received a tip that he could be found at Washington National Airport. They went there, found his automobile, and apprehended him when he approached after disembarking from a flight from New York. An incidental search of his person revealed packages of heroin and cocaine.

The defendant took the witness stand to testify that during the sixteen days after the issuance of the warrant he was openly living under his correct name in an apartment hotel at 2400 Sixteenth Street in the District of Columbia, and that inquiry of employees of the establishment would have resulted in information that he did, indeed, reside there and his room number. He offered no corroborating evidence for his testimonial claim, but the Sixteenth Street address was one of several that the agents had as possible places where the defendant might be located.

Police officials are required to use diligence in the execution of arrest warrants. They may not hold one unexecuted for an unreasonable period of time in the hope that they may ultimately find the defendant in a house or other building which they would like to search, but which they could not lawfully search except as an incident of a lawful arrest.[1] Agents are not required to neglect all other investigatory and enforcement activity in order to execute every arrest warrant, however, and sixteen days' delay in executing an arrest warrant upon one whose residential address was not

1. Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; United States v. Lefkowitz, 285 U.S. 452, 52 S. Ct. 420, 76 L.Ed. 877; Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; Gilbert v. United States, 9 Cir., 291 F.2d 586; Taglavore v. United States, 9 Cir., 291 F.2d 262.

definitely known is far from unreasonable on its face.[2] Moreover, such agents are entitled to proceed with some circumspection, so that the fact of their search for a defendant is not disclosed to him at a time when he may flee successfully.[3]

 The arrest here, too, was effected in the parking area of the airport. It was not in a building, and the only search involved was that of the defendant's person. That this disclosed another narcotic offense gives the defendant no basis for objection in light of the comparatively short interval between issuance of the warrant and its execution, and the fact that, in the interim, agents had been looking for the defendant, albeit unsuccessfully.

Affirmed.

---

2. See United States v. Wilson, 2 Cir., 342 F.2d 782; United States v. Simmons, 2 Cir., 338 F.2d 804; Carlo v. United States, 2 Cir., 286 F.2d 841; United States v. Joines, 3 Cir., 258 F.2d 471;

Seymour v. United States, 85 U.S.App. D.C. 366, 177 F.2d 732.

3. Cf. United States v. Santiago, 2 Cir., 327 F.2d 573.