UNITED STATES of America,
Appellee,

v.

Martha L. PAYNE, Appellant.

No. 13651.

United States Court of Appeals,
Fourth Circuit.

Argued March 2, 1970.

Decided April 7, 1970.

J. Ronald Lynch, Alexandria, Va., court-appointed counsel (Howard, Stevens, Westerman, Lynch & Howard, Alexandria, Va., on brief) for appellant.

Thomas O'Leary, Atty., Dept. of Justice (Will Wilson, Asst. Atty. Gen., Dept. of Justice, and Brian P. Gettings, U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

HAYNSWORTH, Chief Judge.

Defendant was arrested as she was entering Lorton Reformatory to visit an inmate. A search of the defendant's purse disclosed a number of capsules containing heroin. Their admission in evidence during her trial for their possession is the principal point of this appeal.

Two days earlier, an arrest warrant for the defendant had been issued, based upon an earlier sale of narcotics to an undercover policewoman. The undercover agent also reported to federal officers that she had been told by the defendant that she would take heroin to a prisoner in Lorton Reformatory on Sunday.

The defendant contends that the officers should have executed, or attempted to execute, the arrest warrant on Saturday, their usual day off, and that it was impermissible for them to wait until Sunday when they had reason to believe the defendant would be engaged in the commission of another offense.

The duty to attempt with reasonable promptness to execute such warrants, cannot be so closely confined or strictly applied. The exercise of reasonable diligence without undue delay does not inexorably call for absolute immed-

iacy.[1] Within reasonable limits of time and place, the officers charged with the execution of an arrest warrant are entitled to consider their other duties, work schedules and convenience.

There was nothing pretensive about the issuance of the arrest warrant on a felony charge here. It was not designed to give an appearance of legitimacy to an otherwise unlawful search. Indeed, there was probable cause to believe that the defendant was engaged in the commission of a felony at the time of her arrest, so that an arrest for that offense without a warrant, and an incidental search, would have been lawful.[2]

We have examined the other contentions on appeal but find them without merit.

Affirmed.

1. United States v. Weaver, 4 Cir., 384 F.2d 879, cert. denied 390 U.S. 983, 88 S.Ct. 1106, 19 L.Ed.2d 1282.

2. United States v. Santiago, 1 Cir., 327 F.2d 573.