462 So.2d 459 (1985)
FIDELITY AND CASUALTY COMPANY OF NEW YORK, Petitioner,
v.
James L. COPE, as Personal Representative of the Estate of Anna L. Cope, Deceased, Respondent.
No. 64825.
Supreme Court of Florida.
January 10, 1985.
Jonathan L. Alpert of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for petitioner.
Robert W. Holman of Hammond & Holman, Pinellas Park, and G. Robert Schultz, St. Petersburg, for respondent.
McDONALD, Justice.
We have for review Fidelity & Casualty Co. v. Cope, 444 So.2d 1041 (Fla. 2d DCA 1984), which the district court has certified to be in direct conflict with Kelly v. Williams, 411 So.2d 902 (Fla. 5th DCA), review denied, 419 So.2d 1198 (Fla. 1982). We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and quash Cope.
The issue presented is whether an injured party who has secured a judgment in excess of a tortfeasor's insurance coverage can maintain a "bad faith" excess claim against the insurer when the injured party has executed a release of his claims against the tortfeasor who has satisfied the judgment.[1] We hold that, absent a prior assignment of the cause of action, once an injured party has released the tortfeasor from all liability, or has satisfied the underlying judgment, no such action may be maintained.
On March 30, 1978, while driving a vehicle owned and occupied by Jacqueline Gehan, Daniel Brosnan ran a stop sign and struck a car occupied by James and Anna Cope. The collision killed Mrs. Cope and injured Mr. Cope and Gehan. Brosnan had a 10/20 liability policy with Fidelity and Casualty Company of New York (Fidelity) *460 and Gehan had a 10/20 liability policy with Hartford Accident and Indemnity Company (Hartford).[2]
Cope's attorney demanded that Fidelity pay $10,000 for James Cope's claim and $10,000 for the estate's claim.[3] Fidelity's adjuster responded by acknowledging that the injuries were serious enough to warrant the policy limits, but also advised that Gehan's counsel had put them on notice of a potential claim. It advised that it would tender the $20,000 if Cope's counsel and Gehan's counsel could work out a settlement satisfactory to all parties concerned. Approximately two months later Cope's counsel filed suit against Brosnan, Gehan, and their insurers, Fidelity and Hartford. Fidelity unsuccessfully sought to interplead its $20,000 limits in this action. A jury trial resulted in a $100,000 final judgment for the Cope estate.[4] Fidelity and Hartford each paid policy limits of $10,000 to the estate.
Cope then brought an excess judgment action against Hartford based upon its bad faith failure to settle. Fidelity was not a party to this claim. Hartford settled the bad faith action for $50,000 in return for Cope's execution of a release and a satisfaction of judgment in favor of Hartford, Gehan, and Brosnan. Fidelity was not named in the release and Cope, in dealing with Hartford, did not intend to release Fidelity from an excess claim suit.
Cope thereafter filed this action against Fidelity for the $30,000 which remained unpaid on the final judgment. After a nonjury trial, the trial court found that Fidelity had acted in bad faith during settlement negotiations and ordered Fidelity to pay $30,000 to Cope. The trial court rejected Fidelity's argument that the release and satisfaction of judgment in favor of its insured, Brosnan, barred any subsequent bad faith action. The district court affirmed, holding that an insurer's bad faith constitutes a separate tort which is not extinguished with the release of an insured by an injured party. The district court acknowledged and certified the direct conflict between its decision and Kelly v. Williams.
The Fifth District Court of Appeal in Kelly v. Williams correctly stated:
The essence of a "bad faith" insurance suit (whether it is brought by the insured or by the injured party standing in his place), is that the insurer breached its duty to its insured by failing to properly or promptly defend the claim (which may encompass its failure to make a good faith offer of settlement within the policy limits)  all of which results in the insured being exposed to an excess judgment.
411 So.2d at 904 (footnote omitted). The district court noted that a stipulation entered in the cause completely released the insured. Because the insured could not be exposed to any loss or damage from the alleged bad faith of the insurer, no cause of action for bad faith remained for anyone.
In this case the second district disagreed with Kelly, holding that the injured party's bad faith claim is a separate cause of action and citing Thompson v. Commercial Union Insurance Co., 250 So.2d 259 (Fla. 1971). In Thompson this Court, contrary to our prior decision in Sturgis v. Canal Insurance Co., 122 So.2d 313 (Fla. 1960), authorized an injured party to maintain a bad faith claim against an insurer. The Court based Thompson on public policy and justified it on the Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), third party beneficiary concept and the right of a real party in interest to maintain a suit. Nowhere in Thompson, however, did we *461 change the basis or theory of recovery. We did not extend the duty of good faith by an insurer to its insured to a duty of an insurer to a third party. The basis for an action remained the damages of an insured from the bad faith action of the insurer which caused its insured to suffer a judgment for damages above his policy limits. Thompson merely allowed the third party to bring such an action in his own name without an assignment.
An essential ingredient to any cause of action is damages. In this case Brosnan originally suffered a judgment in excess of his policy. Before this action was filed, however, the judgment was satisfied. Upon its being satisfied Brosnan no longer had a cause of action; if he did not, then Cope did not. Cope's action was not separate and distinct from, but was derivative of Brosnan's.[5]
The Fifth District Court of Appeal properly analyzed the nature of this action, and its result is correct. The second district interpreted Thompson incorrectly. We hold that if an excess judgment has been satisfied, absent an assignment of that cause of action prior to satisfaction, a third party cannot maintain action for a breach of duty between an insurer and its insured. Having reached this conclusion, we will not address the issue of whether the conduct of Fidelity in this case was such to be liable for a bad faith claim.
The instant district court decision is quashed and remanded with instructions to direct the entry of judgment for Fidelity.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN and SHAW, JJ., concur.
EHRLICH, J., concurs in result only.
ADKINS, J., dissents.
NOTES
[1] In this case the insured did not assign the excess claim to the injured party.
[2] Under established insurance law Hartford's coverage would be primary and Fidelity's excess. Brosnan would have been an additional insured under Hartford's policy. State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co., 365 So.2d 778 (Fla. 1st DCA 1978), cert. denied, 373 So.2d 462 (Fla. 1979).
[3] The demand letter did not include an offer to settle for that amount, but at trial it was treated as such an offer.
[4] James Cope's individual claim was settled.
[5] Should this Court recognize a duty from an insurer to a third party injured party to settle a claim within its policy limits, the damages of that third party would be entirely different from the damages of an insured. At best such damages would be the extra cost of going to trial and loss of the money that earlier should have been paid.