George H. CLEMENT,
Plaintiff-Appellant,

v.

PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY,
Defendant-Appellee.

No. 85–3579.

United States Court of Appeals,
Eleventh Circuit.

June 10, 1986.

James F. McKenzie, McKenzie & Associates, Pensacola, Fla., for plaintiff-appellant.

Donàld H. Partington, Clark, Partington, Hart, Hart & Johnson, Pensacola, Fla., for defendant-appellee.

Before HILL and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

HILL, Circuit Judge:

This case presents the question whether, under Florida law, an insured's claim against his insurer for bad faith failure to settle within the limits of his liability insurance policy survives an agreement which releases the insured from any liability beyond the limits of his policy. We also must decide whether an insured may maintain a breach of contract action against his insurer for damages beyond the limits of his policy for the insurer's failure to settle a claim within the limits of coverage. The district court decided both questions in the negative. We affirm.

## FACTS

Appellant George H. Clement was insured by appellee under an automobile liability insurance policy when, on October 6, 1979, he was involved in an automobile accident with Michelle Flowers. Three years later, on November 2, 1982, Flowers' attorney wrote to appellee to discuss his client's personal injury claim against appellant. After hearing nothing from appellee, Flowers' attorney wrote again on December 3, 1982, demanding coverage information pursuant to Fla.Stat.Ann. § 627.7264 (West 1984). Appellee then contacted Flowers' attorney, initiating a series of communications between the lawyer and the insurance company.

Because all records of appellant's coverage with appellee had been purged from its files, appellee was unable to confirm coverage. This rendered negotiations with Flowers' attorney difficult, as the attorney conditioned his offer to settle the case for $10,000, the limit of appellant's coverage, on verification of coverage by February 18. Coverage still had not been confirmed when Flowers filed suit against appellant in March of 1983. Shortly thereafter appellee was finally able to confirm coverage and offered to settle for $10,000 but Flowers, through her attorney, rejected the offer.

Appellant and Flowers then agreed to settle the litigation between them for $75,000, with the understanding that appellant would not be personally liable for any sums in excess of the $10,000 that would be (and was) paid by appellee upon notification of the settlement. As part of the settlement, appellant agreed to prosecute a bad faith suit against appellee and assigned all of the benefits therefrom to Flowers. The written agreement between appellant and Flowers is reproduced as an appendix to this opinion.

In accordance with the terms of the settlement agreement, appellant instituted this action. Appellant sought recovery of the difference between the $75,000 judgment entered against him and the $10,000 already paid to Flowers by appellee on two legal theories—breach of contract and bad faith failure to negotiate a settlement. Appellee filed a motion to dismiss the breach of contract action on the grounds that appellant's only recourse was his bad faith

action. That motion was granted by the district court. Appellee then filed a motion for summary judgment on the remaining bad faith claim, which motion was granted by the district court. This appeal followed.

## DISCUSSION

Appellant's amended complaint alleged separate claims against appellee claiming the insurer failed to deal in good faith with appellant and breached their contract of insurance. The historical facts out of which the claims arose are essentially identical. Because of the different theories of recovery asserted, however, the district court dismissed the two claims on different grounds. We will consider the breach of contract claim first.

### I. *The Breach of Contract Claim*

■ Appellant alleges in his complaint that appellee "breached the contract of insurance by failing to timely verify that coverage existed for the plaintiff and by failing to timely respond to the offer to settle the claim of Michelle Flowers within the policy limits." Appellant has not alleged a breach of a duty expressly assigned to the insurer in the contract of insurance, such as the duty to defend. *Compare Caldwell v. Allstate Insurance Co.*, 453 So.2d 1187 (Fla.App.1984); *Life Investors Insurance Co. v. Johnson*, 422 So.2d 32 (Fla.App.1982); *Thomas v. Western World Insurance Co.*, 343 So.2d 1298 (Fla.App. 1977). Rather, appellant has alleged a breach of "the duty, not under the terms of the contract strictly speaking, but because of and flowing from it, to act honestly and in good faith toward the insured." *Auto Mutual Indemnity Co. v. Shaw*, 134 Fla. 815, 184 So. 852, 859 (Fla.1938). Thus, in order to recover damages in excess of the policy limits for appellee's alleged failure to settle in a timely manner, appellant must prove bad faith or fraud. *See, e.g., Thomas v. Lumbermens Mutual Casualty Co.*, 424 So.2d 36, 38 (Fla.App.1982). Regardless of what it is labeled, appellant's so-called breach of contract claim is, in substance, indistinguishable from his claim for failure to deal in good faith with the insured.[1] The district court thus correctly found no separate cause of action for breach of contract to exist and dismissed that claim.

### II. *The Bad Faith Claim*

■ The Supreme Court of Florida has recently held that, "absent a prior assignment of the cause of action, once an injured party has released the tortfeasor from all liability, or has satisfied the underlying judgment, no [bad faith action for excess damages] may be maintained." *Fidelity and Casualty Co. v. Cope*, 462 So.2d 459 (Fla.1985). In *Cope*, the personal representative of a third party fatally injured in an automobile collision sought to recover from the insurer of a person who had been found liable to the estate that portion of the damages in excess of the insured's policy limits that the representative had not yet recovered from other sources. Prior to filing suit, however, Cope had executed a release and satisfaction of judgment in favor of the insured. The release was not preceded or accompanied by an assignment to the injured party of any bad faith claim then existing in favor of the insured. The Florida Supreme Court held that the release barred a subsequent bad faith claim for excess damages, whether brought by the injured party or the insured.

> *Fidelity and Casualty Co. v. Cope*, 462 So.2d 459, 460 (Fla.1985) (quoting with approval *Kelly v. Williams*, 411 So.2d 902, 904 (Fla.App.), *review denied*, 419 So.2d 1198 (Fla.1982) (footnote omitted)). That claim is, of course, analytically indistinguishable from the claim appellant seeks to bring as a breach of contract claim in this case.

---

1. The Florida courts have defined a bad faith insurance claim as follows:

   The essence of a "bad faith" insurance suit (whether it is brought by the insured or by the injured party standing in his place), is that the insurer breached its duty to its insured by failing to properly or promptly defend the claim (which may encompass its failure to make a good faith offer of settlement within the policy limits)—all of which results in the insured being exposed to an excess judgment.

Appellant argues that *Cope* does not bar his claim because the settlement agreement between appellant and the accident victim did not completely release the insured. Instead, Flowers simply agreed to withhold execution of the excess judgment against appellant's assets and to satisfy the judgment at the conclusion of the bad faith action appellant agreed to prosecute. Appellant thus would have us characterize the settlement agreement not as a release, but as essentially an assignment of the bad faith claim to Flowers, which would not extinguish the claim under *Cope*.

The Supreme Court of Florida clearly held in *Cope*, however, that if an insured is no longer exposed to any loss in excess of the limits of his liability insurance policy, he no longer has any claim he might previously have had against his insurance company for bad faith failure to settle within policy limits. Thus if an injured third party releases the insured from liability, any bad faith claim then retained by the insured arising out of his liability to the injured third party ceases to exist, because the insured is no longer exposed to any excess damages. In this case the settlement agreement assured appellant that he would not be held liable personally for the excess judgment to which he agreed. We find that arrangement substantively indistinguishable from the release and satisfaction that was at issue in *Cope*.

An insured's bad faith claim against his insurance company is the property of the insured and, under Florida law, apparently may be assigned to the injured party. *Thomas v. Lumbermens Mutual Casualty Co.*, 424 So.2d at 37. In that event the assignee, by virtue of the assignment, becomes entitled to assert whatever claim the insured may have had against the insurance company prior to the assignment. If the assignment is made when the insured is, because of the bad faith of the insurer, exposed to losses in excess of his coverage, the assignee presumably receives something of value. We assume without deciding that the assignment of the insured's claim may serve as consideration for the injured party's release of the insured from

any further liability without at the same time extinguishing the bad faith claim. It is clear as a matter of Florida law, however, that if, prior to any valid assignment of the insured's bad faith claim, the injured party releases the insured from any further liability for the excess damages that are alleged to have resulted from the bad faith of the insurer, the bad faith claim is extinguished. That is what the Florida Supreme Court held in *Cope*.

In the real world of litigation, it is sometimes thought more desirable for one particular person or entity rather than another to prosecute or defend a claim. Some might consider a jury in a bad faith case more likely to sympathize with the wronged insured than an assignee of his claim. Perhaps the situation was so perceived in this case, for the agreement executed to release the insured from further exposure was carefully drafted so that the insured would appear as the plaintiff in the case against his insurance carrier. To that end, it was clearly provided that whatever claim the insured may have against the insurance company was not yet assigned, but remained then the property of the insured.

As has been said many times before, one cannot both have his cake and eat it, too. It is clear as a matter of Florida law that, in the absence of a prior assignment of the bad faith claim, no such claim remains after the insured is released from liability for any damages he otherwise might have suffered as a result of the insurer's bad faith. That is precisely what happened here. In dismissing appellant's bad faith claim, the district court thus correctly applied Florida law. The judgment appealed from is therefore AFFIRMED in its entirety.

## APPENDIX

### AGREEMENT

WHEREAS Michelle Flowers was injured in a two car automobile accident that occurred in Escambia County, Florida, on October 6, 1979; and

WHEREAS George H. Clement was the owner and operator of the automobile that collided with the automobile driven by Michelle Flowers; and

WHEREAS George H. Clement had a policy of liability insurance, policy number 39 4A188741, with Prudential Property and Casualty Insurance Company providing liability insurance coverage for the aforesaid accident; and

WHEREAS a claim was made against George H. Clement and Prudential Property and Casualty Insurance Company by Michelle Flowers for injuries she received; and

WHEREAS Prudential Property and Casualty Insurance Company failed to properly handle, negotiate, and settle the claim brought against George H. Clement by Michelle Flowers and did fail to settle the claim within the policy limits of $10,000, even though it had the opportunity to do so; and

WHEREAS suit was filed by Michelle Flowers against George H. Clement and Prudential Property and Casualty Insurance Company in the Circuit Court in and for Escambia County, Florida, Case Number 83–672, to recover damages against George H. Clement and Prudential Property and Casualty Insurance Company for injuries she sustained in the automobile accident of October 6, 1979; and

WHEREAS George H. Clement now desires to preclude any levy or execution against his assets as a result of the claim and any subsequent judgment entered against him in excess of his insurance policy limits;

BE IT RESOLVED and agreed for good and valuable consideration as follows:

1. The parties hereto stipulate that the court shall enter a judgment in Case Number 83–672 in favor of Michelle Flowers and against George H. Clement for the sum of $75,000 plus taxable costs in the sum of $1,032.20. The attorneys for the respective parties to this agreement shall forthwith execute a stipulation to be filed with the court for the purpose of entry of said judgment.

2. George H. Clement agrees to file and diligently prosecute a claim against Prudential Property and Casualty Insurance Company for its bad faith failure to settle, negotiate or handle the claim of Michelle Flowers, and George H. Clement does hereby assign and transfer to Michelle Flowers his right to any proceeds from said cause of action after deducting for attorneys fees and costs incurred in prosecuting such cause of action.

3. In consideration of the assignment of proceeds, as aforesaid, Michelle Flowers agrees to withhold execution against the assets of George H. Clement on account of the outstanding judgment to be entered against him in the amount of $75,000 plus taxable costs. Michelle Flowers further agrees to satisfy said judgment against George H. Clement at the conclusion of the claim against Prudential Property and Casualty Insurance Company by settlement, verdict or the exhaustion of appellate remedies.

4. Michelle Flowers agrees to reasonably cooperate with George H. Clement and his attorneys in the prosecution of the claim against Prudential Property and Casualty Insurance Company and will keep his attorneys advised of her whereabouts until the conclusion of the claim.

5. George H. Clement agrees to keep Michelle Flowers advised of the status and progress of his claim against Prudential Property and Casualty Insurance Company. If at any time Michelle Flowers reasonably concludes that George H. Clement is not diligently prosecuting such claim, George H. Clement will, on written request, assign the claim to Michelle Flowers.

6. No settlement shall be made by George H. Clement without first obtaining the approval and consent of Michelle Flowers.

7. Michelle Flowers reserves the right to select or approve the attorney retained by George H. Clement to file and prosecute

the claim against Prudential Property and Casualty Insurance Company.