PER CURIAM.
Zenobia Revoredo, as Personal Representative of the Estate of Gilberto E. Revoredo [estate], filed a wrongful death action against Tomas Perez. Perez tendered his defense to his insurer, Guardian Property and Insurance Company [Guardian]; however, Guardian denied coverage. Thereafter, the estate and Perez entered into an agreement stipulating to the entry of a judgment in favor of the estate and against Perez. The agreement also stated that the estate would only pursue Guardian to obtain satisfaction of the judgment and assigned any rights that Perez had against Guardian to the estate. Thereafter, the estate brought an action against Guardian and the insurance agent, South Pacific Professional Insurance, Inc. [South Pacific].[1] South Pacific moved to dismiss the claim against it arguing that the assignment barred the claim. The trial court dismissed the claim against South Pacific and this appeal follows.
We find that the trial court properly dismissed the cause of action against South Pacific. The estate’s third-party beneficiary action against South Pacific was derivative of Perez’s claim. Any claim which Perez may have had against South Pacific was extinguished when the estate agreed not to execute the judgment against Perez and to look only to Guardian for satisfaction of the judgment. Additionally, the only claim which was assigned to the estate was Perez’s claim against Guardian. Since Perez no longer has a cause of action against South Pacific, the estate cannot have a cause of action against South Pacific. See Fidelity and Casualty Co. of New York v. Cope, 462 So.2d 459 (Fla.1985); Kelly v. Williams, 411 So.2d 902 (Fla. 5th DCA), rev. denied, 419 So.2d 1198 (Fla.1982).
Affirmed.

. The count against Guardian was for "Breach of contract — wrongful denial of coverage and failure to defend” and the count against South Pacific was for “Failure to procure proper insur-anee coverage.”