**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5121**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON ALLEN HULL,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Robert E. Maxwell, Senior District Judge.  (2:05-cr-00037-REM-2)

---

Submitted:  June 13, 2007          Decided:  July 11, 2007

---

Before WILKINSON, KING, and GREGORY, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

Kevin T. Tipton, TIPTON LAW OFFICES, PLLC, Morgantown, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Wheeling, West Virginia; Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Allen Hull entered a conditional plea of guilty to conspiracy to manufacture and distribute methamphetamine. He reserved his right to appeal from the district court's denial of his motion to suppress evidence seized from his residence, and, with some exceptions, he waived his right to appeal his sentence. On appeal, Hull argues that the district court erred in finding that the delay in executing a misdemeanor arrest warrant was not unreasonable and was not a pretext for an unlawful search of his residence. He also contends that the officers had no justification for a protective sweep of the interior of his home when he was arrested outside his home. Lastly, Hull challenges the applicability of an enhancement to his sentence.

To the extent that Hull seeks to challenge his sentence, we dismiss that portion of the appeal based on Hull's waiver of the right to appeal in his plea agreement. Except as to issues concerning the suppression motion, Hull agreed that if the base offense level was twenty-six or lower, he waived the right to appeal his sentence or the manner in which the sentence was determined. The validity of this waiver is not challenged on appeal, and the sentencing issue falls squarely within the scope of the waiver. Thus, Hull has waived his right to challenge his sentence, and we dismiss this portion of the appeal.

Hull also challenges the district court's determination that the fifty-six-day delay between the issuance and the execution of the misdemeanor arrest warrant was not unreasonable and that the officers were justified under the circumstances of this case in entering Hull's house after his arrest outside the house, to conduct a protective sweep. We have reviewed the parties' briefs and joint appendix and find no error in the district court's determination that the delay in execution of the warrant was not unreasonable and that the protective sweep was justified. See Maryland v. Buie, 494 U.S. 325, 334 (1990); United States v. Payne, 423 F.2d 1125, 1125-26 (4th Cir. 1970); United States v. Weaver, 384 F.2d 879, 880 (4th Cir. 1967). Accordingly, we affirm the denial of the motion to suppress and thus affirm Hull's conviction for the reasons stated by the district court. See United States v. Hull, No. 2:05-cr-00037-REM-2 (N.D.W. Va. dated Nov. 9, 2005; entered Nov. 11, 2005). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART