422 So.2d 32 (1982)
LIFE INVESTORS INSURANCE COMPANY OF AMERICA, Appellant,
v.
Eartha L. JOHNSON, Appellee.
No. 81-1126.
District Court of Appeal of Florida, Fourth District.
September 15, 1982.
*33 Leesfield & Blackburn, Miami, and Patrice A. Talisman of Daniels & Hicks, Miami, for appellant.
Ralph L. Flowers, Fort Pierce, for appellee.
DOWNEY, Judge.
Appellee Eartha L. Johnson purchased an automobile from Fred Coyne Chevrolet Company, Inc. In conjunction with the car sale, Johnson also purchased a credit disability insurance policy issued by appellant, Life Investors Insurance Company of America. The policy provided that if the insured were totally disabled and under the care of a doctor for more than 14 days the company would pay the insured creditor a daily benefit for the period of disability and medical treatment. Written notice of the claim was required to be given the company at its home office "or to any authorized agent" within 30 days of the occurrence or as "soon thereafter as ... reasonably possible" and proof of loss within 90 days thereafter. Claims were to be paid monthly subject to written proof of loss.
Johnson received a disabling injury at work. The company was eventually notified but, Johnson claims, did not pay according to its contract and as a result her car was repossessed. Johnson sued appellant for damages for breach of the contract. The trial judge directed a verdict on liability at the close of the defendant's case. The jury returned a verdict in the amount of $3,500.
The two points presented on appeal involve the direction of the verdict for Johnson and the inclusion of various improper elements of damage in the award.
Without detailing all of the evidence regarding notice to the company, suffice to say that reasonable men could differ on whether Johnson complied with the notice requirements of the policy. She was injured on March 7 but the company did not receive the notice at its home office until June 22. The reason for the delay was that Johnson obtained a claim form from Fred Coyne Chevrolet and mailed it to an address in West Palm Beach, Florida, furnished to her by Coyne Chevrolet. When payment was not forthcoming Johnson called the West Palm Beach office and was advised that the form should have been mailed to the company's home office. Apparently, the West Palm Beach office had sent the form on to appellant. Thereafter, correspondence between Johnson and appellant became confused because Johnson had an automobile accident in July and the proof of loss form sent to the company began to show conflicting disability periods. Johnson finally stopped sending proofs of loss, appellant stopped paying anything and Johnson's car was repossessed. It appears to us that there were issues for the jury relative to compliance with the notice requirements of the policy and, if notice was late, whether the company was prejudiced by the late notice. Also, a fact issue exists regarding the agency of Fred Coyne Chevrolet in furnishing claim forms for purposes of binding appellant. Therefore, it was reversible error to direct a verdict for Johnson on the question of liability.
The trial court instructed the jury to consider as damages the loss of value and use of the automobile, transportation expenses incidental to the loss of use of her car and long distance telephone calls. The trial court did not instruct the jury to consider the amount due on the policy as appellant contends.
The basic rule governing the recovery of damages for breach of contract is set forth in the oft cited English case of Hadley v. Baxendale, 9 Exch. 341, 156 Eng.Rep. 145 (1854) which holds that the appropriate *34 damages are those that arise naturally from the breach, or those that were in the contemplation of the parties at the time the contract was made. Application of that rule to commercial contracts, such as disability insurance policies, generally results in a limitation of damages to the pecuniary loss resulting from the breach. MacDonald v. Penn Mutual Life Insurance Company, 276 So.2d 232 (Fla.2d DCA 1973). However, Kewin v. Massachusetts Mutual Life Insurance Company, 409 Mich. 401, 295 N.W.2d 50 (1980) noted an exception to this rule in the case of commercial contracts concerned not simply with trade and commerce, but with life and death and matters of mental concern and solicitude. The Michigan court found, as have others, that the nature and object of the agreement may justify the allowance of other types of damages such as mental pain and anguish. 5 Corbin, Contracts § 1076 and 1 Restatement of Contracts § 341 also recognize this exception. Thus, we conclude there is no hard and fast rule regarding the measure of damages for breach of contract. Adverting to the Hadley v. Baxendale rule that a breach of contract may give rise to damages which were in contemplation of the parties at the inception of the contract, it appears to us that if the jury finds that appellee breached the contract, Johnson is entitled to recover more than the pecuniary loss involved in the balance of the payments due under the policy. That conclusion follows the fact that Johnson purchased the car and the disability insurance policy at the car dealership. The purpose of acquiring the policy was to assure satisfaction of her car payments in the event of her disability. Thus, it follows that any damages accruing to Johnson as a result of repossession of her car for nonpayment of the monthly payments due to her disability were contemplated by the parties. Those damages would be the value of the automobile or the balance of payments due under the policy, whichever is greater, together with the loss of use of the car from the date of the repossession until the jury verdict is rendered, and interest thereon. Of course, Johnson would not be entitled to both the value of the car and the balance of the payments due on the policy as that would result in a double recovery. If interest is to be awarded, the plaintiff should plead it and the jury should assess it. Finally, there is no entitlement to damages for "long distance telephone calls."
Having resolved the question of damages raised by appellant's second point, we reverse the judgment appealed from and remand the cause for a new trial.
HERSEY, J., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.