Ronald R. ROMANO,
Plaintiff–Appellant,

v.

AMERICAN CASUALTY CO. OF READING, PENNSYLVANIA,
Defendant–Appellee.

No. 87–5021.

United States Court of Appeals,
Eleventh Circuit.

Dec. 28, 1987.

F. Shields McManus, McManus, Stewart, Ferraro & Steger, Stuart, Fla., for plaintiff-appellant.

Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Jonathan C. Hollingshead, Orlando, Fla., for defendant-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and ATKINS *, Senior District Judge.

ATKINS, Senior District Judge:

Ronald Romano appeals from an order of the district court that dismissed his complaint as premature. The decision of the lower court is affirmed.

ting by designation.

On May 18, 1984, a person to whom Ronald Romano had entrusted his automobile was involved in an accident that severely injured three people. At the time of the accident, the appellee American Casualty Co. insured Mr. Romano under a policy that limited liability for personal injury to $100,000.00 per person and $300,000.00 per accident. The claims were not settled and the cases proceeded to a consolidated trial after which a judgment was entered against Romano and the other defendants in the total sum of $884,500.00. That judgment has been appealed.

Prior to disposition of that appeal, Romano filed a complaint against American Casualty based on Fla.Stat. § 624.155 (1985)[1] alleging bad faith failure to settle a claim that resulted in a final judgment in excess of his policy limits. The case was removed to federal court where American Casualty filed a motion to dismiss. On December 29, 1986, the district court granted the motion and dismissed the complaint pending resolution of the underlying action. The present appeal ensued.

The parties differ about what damages may be recovered by an insured from his carrier for bad faith failure to settle. The appellant asserts that he is entitled to recover for the harm suffered by his good name and credit as well as for the pain and suffering he experienced upon entry of the excess judgment independently of any relief he might seek in the amount of the excess judgment;[2] reversal of the underlying judgment would not extinguish his claim. The appellee contends that since a claimant may only recover the amount of the excess judgment and any applicable attorney's fees, the underlying action must be final for *res judicata* purposes before the bad faith claim may be adjudicated.

Those arguments misconstrue the pivotal element of the action involved. This court need not reach the question of what damages the claimant may eventually recover in a bad faith suit. The concern confronting this court is whether, absent an excess judgment, there exists the very basis for maintaining the action. We think not.

In *Fidelity and Casualty Co. of N.Y. v. Cope*, 462 So.2d 459, the Florida Supreme Court resolved a conflict between two district courts of appeal[3] and defined an action for bad faith insurance practices stating:

> The essence of a 'bad faith' insurance suit (whether it is brought by the insured or by the injured party standing in his place), is that the insurer breached its duty to its insured by failing to properly or promptly defend the claim (which may encompass its failure to make a good faith offer of settlement within the policy limits)—all of which results in the insured being exposed to an excess judgment.

*Id.* at 460 (quoting with approval *Kelly v. Williams*, 411 So.2d 902, 904 (Fla.Dist.Ct. App.) (footnote omitted), *review denied*, 419 So.2d 1198 (Fla.1982)). The basis of a bad faith suit is a judgment in excess of policy limits, absent which, the very essence of the appellant's claim is lacking, a rule clearly enunciated by this circuit in *Clement v. Prudential Property & Casualty Ins. Co.*, 790 F.2d 1545, 1548 (11th Cir.1986). "The Supreme Court of Florida clearly held in *Cope*, however, that if an insured is no longer exposed to any loss in excess of the limits of his liability insurance policy, he no longer has any claim he might previously have had against his insurance company for bad faith failure to settle within the policy limits." If Mr. Romano's negligence action is reversed on

**1.** Fla.Stat. § 624.155(1)(b)(1) allows an aggrieved party to bring a civil action against his insurer for "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests."

**2.** The Florida Supreme Court quashed a lower court decision that held an insurer's bad faith constitutes a separate tort which is not extin-

guished with the release of an insured by an injured party. *Fidelity and Casualty Co. of N.Y. v. Cope*, 462 So.2d 459, 460 (Fla.1985).

**3.** In *Cope*, the Supreme Court of Florida quashed the lower court decision, *see* note 2 *supra*, which was in conflict with the Fifth District Court of Appeal's decision in *Kelly v. Williams*, 411 So.2d 902.

appeal, he will no longer be exposed to any loss in excess of his policy limits. Since the basis for his bad faith action will have dissipated, his entire claim will be extinguished.

Because the essential element of the appellant's claim may be reversed on appeal, it is logical to require its disposition before it may form the basis for another claim. In fact, *Boyd Bros. Transp. Co., Inc. v. Fireman's Fund Ins. Companies*, 729 F.2d 1407 (11th Cir.1984) requires that the appellate process be complete before the cause of action for bad faith insurance practices is ripe.[4] Such a result avoids duplicitous and unnecessary litigation because

> [a]llowing plaintiff to proceed first against the insurer under a section 624.-155 good faith failure to settle claim could lead to the insurer being held liable for bad faith failure to settle even though its insured might later be found not liable in the underlying tort action. Nothing in the statutory language of section 624.155 suggests that the Florida legislature intended such an anomalous possibility.

*Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157, 1161 (11th Cir.1985). While it is true that the *Fortson* case concerned an action for bad faith brought before a judgment in the underlying action was obtained and Mr. Romano has had a judgment entered against him, the result is the same. Mr. Romano "might later be found not liable in the underlying tort action" upon disposition of the appeal.

The dismissal of the district court is AFFIRMED without prejudice to refiling of the action if and when appropriate.

---

4. *See Boyd Bros. Transp. Co., Inc. v. Fireman's Fund Ins. Companies*, 540 F.Supp. 579 (M.D.Ala. 1982), *aff'd*, 729 F.2d 1407 (11th Cir.1984). For purposes of the statute of limitations applicable to an insured's cause of action for bad faith insurance practices, the cause of action ripened when the final judgment of damages was issued rather than when the summary judgment on the liability issue was affirmed on appeal.