John RONDOLINO, Plaintiff,

v.

**NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,** Defendant.

No. 91–1408–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

April 1, 1992.

William Francis Rutger, Law Office of William Rutger, Clearwater, Fla., for plaintiff.

Robert A. Freyer, Shutts & Bowen, Orlando, Fla., for defendant.

## ORDER DENYING MOTION TO DISMISS OR STRIKE

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to dismiss or strike, filed October 16, 1991, and response thereto, filed October 28, 1991.

In his complaint, Plaintiff John Rondolino alleges a breach of a business overhead expense policy by Defendant Northwestern Mutual Life Insurance Company. Defendant issued the business overhead expense policy to Plaintiff on or about November 1, 1989. Plaintiff became injured on or about September 12, 1990, and submitted a claim under the business overhead expense policy. Plaintiff alleges that Defendant unreasonably delayed payment of the claim, and that this action constitutes a breach of contract. As a result, Plaintiff allegedly incurred loss of benefits owed him under the policy, loss of use of the monies that were unreasonably delayed, and consequential damages, consisting of personal and business financial losses and severe emotional distress. Plaintiff alleges the consequential damages are contributing to his disability, which is continuing and/or permanent.

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ This Court, in considering the facts in a light most favorable to Plaintiff John Rondolino, finds that Plaintiff may be able to prove facts that entitle him to relief. In the complaint, Plaintiff requests the benefits owed him under an insurance policy, as well as consequential damages. As a result, it does not appear beyond reasonable doubt that Plaintiff Rondolino can prove no set of facts that would entitle him to relief, and dismissal of the complaint is not warranted.

■ Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered "time wasters", and will usually be denied unless allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570 (S.D.Fla.1978) (citing *Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir.1962)). In evaluating a motion to strike, the Court must treat all

well pleaded facts as admitted and cannot consider matters beyond the pleadings. *U.S. Oil Co., Inc. v. Koch Refining Co.,* 518 F.Supp. 957, 959 (E.D.Wis.1981).

■ Defendant requests that Plaintiff's claim for loss of use of monies, personal and business losses, and damages for emotional distress be stricken. This Court may only strike these claims if they have no possible relation to this controversy and may cause prejudice to the Defendant. As to damages for emotional distress, Defendant's motion to strike relies on the holdings in two cases addressing tort actions for emotional distress. *See Industrial Fire & Casualty Ins. Co. v. Romer,* 432 So.2d 66 (Fla. 4th DCA 1983) (holding that there is not a separate tort for compensatory or punitive damages based on bad faith refusal to pay an insurance claim, only a separate cause of action for intentional infliction of emotional distress); *Gellert v. Eastern Air Lines, Inc.,* 370 So.2d 802 (Fla. 3d DCA 1979) (holding that recovery for mental distress due to breach of contract is not allowed, unless it amounts to an independent and willful tort). However, *Life Investors Ins. Co. of America v. Johnson,* 422 So.2d 32 (Fla. 4th DCA 1982), allowed recovery for mental pain and anguish in a breach of contract action, if such losses were contemplated by the parties. In the event that Plaintiff can prove that mental distress damages were contemplated by the disability overhead expense policy, the claim for the damages is related to the controversy, and should not be stricken.

■ In considering Plaintiff's claim for personal and business financial losses, this Court does not need to determine whether such damages are remote and speculative at this juncture. If a party can prove loss of profits with reasonable certainty, then damages will be awarded. *Forest's Mens Shop v. Schmidt,* 536 So.2d 334, 336 (Fla. 4th DCA 1988) (breach of lease allegedly resulted in lost profits, but there was no reasonable basis for award of such damages). *See also, Douglass Fertilizers v. McClung Landscaping,* 459 So.2d 335, 336 (Fla. 5th DCA 1984) (In contract actions,

loss profits are available if proved with a reasonable degree of certainty, if caused by defendant's wrongful act, and the profits were reasonably within the contemplation of the defaulting party at the time the contract was entered into.). This standard requires that Plaintiff satisfy the mind of a prudent impartial person as to the damages. *R.A. Jones & Sons, Inc. v. Holman,* 470 So.2d 60, 69 (Fla. 3d DCA 1985) (citing *Conner v. Atlas Aircraft Corp.,* 310 So.2d 352, 354 (Fla. 3d DCA), *cert. denied,* 322 So.2d 913 (Fla.1975)). As a result, Plaintiff will be given the opportunity to prove with a reasonable degree of certainty that such damages were contemplated by the parties in the insurance contract.

■ Finally, Defendant asserts that Plaintiff's claim for loss of use of the monies to be paid by the insurance contract is repetitive, since Plaintiff also requests prejudgment interest. However, in *Johnson,* 422 So.2d at 34, the court allowed recovery for loss of use damages and interest. As with the above damages, Plaintiff must prove such damages were contemplated by the parties. *Id.* Accordingly, it is

ORDERED that the motion to dismiss and motion to strike be denied.

DONE AND ORDERED.