**Laura DiDOMENICO, as personal representative and executrix of the Estate of Paul Pastorella, Plaintiff,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Defendant.**

**No. 93–564–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

Nov. 19, 1993.

William Francis Rutger, Law Office of William Rutger, Clearwater, FL, for plaintiff.

Mercedes C. Sandoval, Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, FL, for defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS/MOTION TO STRIKE AND DEFENDANT'S MOTION FOR A RULE 16(a)(5) CONFERENCE

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motions, which include motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), motion to strike Plaintiff's emotional damages claim, and motion seeking a conference under Fed.R.Civ.P. Rule 16(a)(5).

### BACKGROUND

This is an insurance coverage action upon a disability income policy. Paul Pastorella, now deceased, was insured by Defendant under a disability income policy. According to the complaint, Pastorella had been disabled pursuant to the terms of his disability policy since August of 1991. The complaint alleges that Pastorella provided Defendant with the contractually required claim for benefits and that all other conditions precedent to receiving benefits were either satisfied, waived or excused. The complaint claims that, despite Pastorella's compliance with the terms of the disability policy, Defendant has denied Pastorella's claim or has unreasonably withheld payment of benefits, so as to constitute a breach of the disability contract. As a result of Defendant's breach, Pastorella claimed to have suffered consequential damages, including financial losses and emotional distress.

Pastorella initially filed this action in state court, but Defendant exercised its right to remove the case to this Court under diversity jurisdiction. Subsequently, on April 11, 1993, Paul Pastorella died. On August 3, 1993, this Court granted the motion for substitution of Laura DiDomenico as decedent's personal representative and executrix.

### MOTION TO DISMISS

#### A. STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). When ruling on a motion to dismiss, a trial court must view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

#### B. ANALYSIS

Defendant argues that this suit is premature because it has not yet denied Plaintiff's benefits claim, and therefore, Plaintiff has not established all of the necessary elements of the cause of action. In support of its position, Defendant maintains that Plaintiff has not submitted all medical information required by the terms of the disability policy, therefore, Plaintiff is not yet entitled to any disability payments.

Rule 8 of the Federal Rules of Civil Procedure sets forth three requirements which a pleader must satisfy when filing a complaint. According to the Rule, a complaint:

Shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim need no new ground of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

A complaint, therefore, "need not specify in detail the precise theory giving rise to recovery." *Sams v. United Food & Commercial Workers Int'l*, 866 F.2d 1380, 1384 (11th Cir. 1989). Instead, it has long been established that a complaint satisfies the Rule if it contains allegations sufficient to notify the defendant "as to the claim being asserted against him and the grounds on which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. at 103. Since the drafters of the Federal Rules

of Civil Procedure intended liberal construction of pleadings, Rule 8(a)(2) is generally viewed as placing only a minimal requirement of technical exactness on the pleader. *Irizarry v. Palm Springs Gen. Hosp.*, 657 F.Supp. 739, 740 (S.D.Fla.1986).

When considering a motion to dismiss, this Court must consider as true all allegations set forth in the complaint. After reviewing the complaint, this Court finds that Plaintiff's complaint fulfills the requirements of Fed.R.Civ.P. Rule 8. Plaintiff has alleged the existence of a contractual agreement with Defendant, satisfaction or waiver of all conditions precedent to recovery, breach by Defendant in denying or unreasonably delaying payment of disability income benefits, and damages. These allegations, if proven, provide a basis for granting Plaintiff relief. Defendant's motion to dismiss contains factual assertions contradicting Plaintiff's claim that all conditions precedent to recovery have been satisfied, waived or excused. However, resolution of the issue of whether all conditions precedent to bringing this action have been satisfied requires factual determinations which are inappropriate at this stage of litigation. When a complaint only meets the minimum requirements of the rule, litigants may utilize liberal discovery rules and other pretrial procedures to remedy gaps in the facts surrounding an action. *Conley*, 355 U.S. at 48, 78 S.Ct. at 103.

In support of its Rule 12(b)(6) motion, Defendant has cited to cases where courts have granted similar motions on the basis that the suit was filed prematurely. The Court finds those cases either distinguishable or inapplicable to this matter. For example, *Romano v. American Casualty Co. of Reading, Pennsylvania*, 834 F.2d 968 (11th Cir. 1987), the case most factually analogous to the instant case, involved a plaintiff who sued its insurer for failing to settle in good faith a claim filed against the insured by a third party. The plaintiff in *Romano* was the liable party in an auto accident; he sued his insurance company for failing to use good faith in settlement negotiations with the driver injured in the collision. *Id.* at 969. The essence of the third party "bad faith" action at issue in *Romano* was that the insurer breached its duty by failing to promptly or properly defend the claim filed by a third party against the insured. *See, e.g., Fidelity and Casualty Co. of N.Y. v. Cope*, 462 So.2d 459, 460 (Fla.1985). This third party "bad faith" cause of action only accrues when an insurer fails to settle in good faith a third party's action against an insured, thus resulting in a judgment against an insured in an amount exceeding its insurance coverage. *Romano*, 834 F.2d at 968. Defendant also cited *Fortson v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157 (11th Cir.1985), as authority for its assertion that Plaintiff's suit was filed prematurely. Although the plaintiff in *Fortson* was an injured third party, and not the insured party as in *Romano*, both cases were grounded in a third party "bad faith" action.

In contrast to *Romano* and *Fortson*, the case at bar is not a "third party" suit, but instead is a "first party" action by an insured against its insurer for failing to properly settle the insured's own claim against the insurer. *See, e.g., Opperman v. Nationwide Mutual Fire Ins. Co.*, 515 So.2d 263, 265 (Fla. 5th DCA 1987) (explaining the differences between first party and third party causes of action). Because the case at bar involves a "first party" action, the condition precedent which provided the basis for granting dismissal motions in *Romano* and *Fortson* does not exist in the instant case.

Defendant maintains that a letter from Defendant, attached to the complaint as exhibit B, indicates that Defendant has not breached the insurance contract with Plaintiff. The letter generally sets forth Defendant's request for information not yet provided by Plaintiff. Defendant correctly notes that pursuant to Rule 10(c) Fed.R.Civ.P., any exhibit attached to complaint "becomes a part thereof for all purposes." Accordingly, this Court may utilize exhibit B in considering a motion to dismiss. However, contrary to Defendant's assertion, this exhibit provides no information to refute Plaintiff's claim for breach of contract. The exhibit shows that in November of 1992, Defendant requested certain information from Plaintiff, who asserts that all information required under the contract had previously been provid-

ed to Defendant. Accordingly, the exhibit merely clarifies the particular facts which are in dispute in this matter.

## MOTION TO STRIKE EMOTIONAL DISTRESS DAMAGES

■ Defendant requests that Plaintiff's claim for emotional distress damages be stricken. This Court may strike the claim only if it has no possible relation to the controversy and may cause prejudice to Defendant. *Rondolino v. Northwestern Mutual Life Insurance Company*, 788 F.Supp. 553, 554–55 (M.D.Fla.1992). In *Rondolino,* this Court previously held that damages for emotional distress are recoverable in a breach of contract action if a plaintiff can prove that such damages were contemplated by the parties at the time the contract was executed. *Id.* at 555 (citing to *Life Investors Ins. Co. of America v. Johnson,* 422 So.2d 32 (Fla. 4th DCA 1982)). Defendant asserts that *Johnson,* decided in 1982, was a pre-economic loss decision and, therefore, the case is no longer good law, and that *Rondolino,* which relied upon *Johnson,* was decided incorrectly.

Although this Court adheres to its decision in *Rondolino,* this issue can be decided without revisiting that case. Historically, unless an insured alleged an independent tort, such as fraud, against its insurer for failing to settle a first party claim, Florida case law held that the only relief available was a cause of action for breach of contract. *See Butchikas v. Travelers Indemnity Co.,* 343 So.2d 816 (Fla.1976); *Industrial Fire & Casualty Ins. Co. v. Romer,* 432 So.2d 66 (Fla. 4th DCA 1983). This was so even though it was well established that an insured could bring suit against the same insurance company for failing to settle in good faith a third party's claim against the insured, resulting in a judgment in excess of the insured's policy limit. *See, e.g., Thompson v. Commercial Union Insurance Co. of New York,* 250 So.2d 259 (Fla.1971).

■ Despite the reluctance of Florida courts to recognize a first party cause of action for failure to settle in good faith, emotional distress damages constitute an available remedy to Plaintiff under Fla.Stat.

§ 624.155 (1991), which provides, in pertinent part, that:

> (1) Any person may bring a civil action against an insurer when such person is damaged:
>
> (b) By commission of any of the following acts by the insurer:
>
> 1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests.

§ 624.155(1)(b), Fla.Stat. (1991). According to the court in *Opperman v. Nationwide Mutual Fire Ins. Co.,* 515 So.2d 263 (Fla. 5th DCA 1987), the plain meaning of this statute "extends a cause of action to the first party insured against its insurer for bad faith refusal to settle." Therefore, if Plaintiff can prove that Defendant violated § 624.155, then emotional distress damages will be available to him. However, such damages will be unavailable if Plaintiff proves that Defendant merely breached the insurance policy provisions without violating the statute or if Plaintiff cannot prove that such damages were contemplated by the parties at the time they executed the policy.

## *MOTION FOR RULE 16(a)(5) CONFERENCE*

■ Defendant has requested a conference under Fed.R.Civ.P. Rule 16(a)(5) to limit issues and discuss settlement. This Court finds such a conference especially warranted in this case, due partially in part to the death of Paul Pastorella and the fact that contractual damages, at least, are now capped due to his death. Therefore, this Court finds that a conference would serve the interests of justice.

Accordingly, it is,

**ORDERED** that the motion to dismiss be **denied.** Defendants **shall have** ten (10) days from the date of this order to answer Plaintiff's complaint.

**ORDERED** that the motion to strike Plaintiff's emotional distress damages claim be **denied.**

ORDERED that the motion for conference be **granted** and will be set at the time of the next scheduled conferences, probably in January, 1994.

DONE AND ORDERED.