**Arlene LEITSTEIN, Plaintiff,**

v.

**QBE INSURANCE CORPORATION,
Defendant.**

**Case No. 09–20596–CIV.**

United States District Court,
S.D. Florida.

April 15, 2009.

Daniel S. Rosenbaum, John Marcus Siracusa, Laurel Ruthanne Wiley, Mark Gerard Keegan, Jennilynn E. Lawrence, Katzman, Garfinkel, Rosenbaum, LLP, West Palm Beach, FL, for Plaintiff.

William S. Berk, Sorraya Solages, Berk Merchant & Sims PLC, Coral Gables, FL, for Defendant.

## ORDER ON MOTION TO DISMISS

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court on Defendant's Motion to Dismiss, filed on April 6, 2009. (D.E. 5.).[1]

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. By way of background, this case arises out of a jury verdict in an action brought by Buckley Towers Condominium, Inc., ("Buckley") against Defendant for Defendant's alleged breaches of Buckley's insurance policy. In the underlying case, the jury awarded Buckley over $20 million in damages for Defendant's breaches of contract. The Court awarded final judgment in Buckley's favor on February 24, 2009. Based on Defendant's alleged failure to attempt in good faith to settle Plaintiff's claims in the underlying action, Plaintiff brought the instant action for statutory bad faith on March 9, 2009. (D.E. 1.) Defendant filed its Motion to Dismiss on April 6, 2009. (D.E. 5.)

In its Motion, Defendant argues, among other things, that Plaintiff's bad faith action should be dismissed as premature be-

---

1. In a related statutory bad faith case filed by the same Plaintiff's attorney against the same Defendant, *Page v. QBE Insurance Corporation,* Case No. 09–20593–CIV–UNGARO (S.D.Fla. Mar. 9, 2009), an identical Motion to·Dismiss was before the Court. In that case, the Court required the plaintiff to file a partial response to Defendant's Motion addressing the issue of whether the plaintiff's

bad faith claim should be stayed or dismissed as premature because the appellate process in the underlying case was not yet final. Plaintiff filed a response in opposition, which the Court considered. Ultimately, however, the Court dismissed the case without prejudice on the basis that plaintiff's claim was premature. For the same reasons, the Court dismisses this cause.

cause the underlying action has not been fully resolved. (Def.'s Mot. 12–13.) According to Defendant, not only had the time to appeal the judgment in the underlying case not expired when Plaintiff filed his action, but the judge in the underlying case had already granted Defendant's motion for an evidentiary hearing on the issue of juror concealment. (Def.'s Mot. 13.) Additionally, Defendant has filed a renewed motion for judgment as a matter of law, a motion for new trial, and a motion to alter or amend the judgment pending in the underlying case. (Def.'s Mot. 13.) Thus, according to Defendant, the time to appeal the judgment in the underlying case has not expired and Plaintiff's action is premature.

In support, Defendant cites to the Eleventh Circuit's decision in *Romano v. American Cas. Co. of Reading, Pa.*, 834 F.2d 968, 969–70 (11th Cir.1987). In affirming the district court's dismissal of a bad faith action as premature, the *Romano* court stated that "[b]ecause the essential element of the appellant's claim may be reversed on appeal, it is logical to require its disposition before it may form the basis for another claim." *Id.* at 970. The *Romano* court further noted that other Eleventh Circuit cases have required "that the appellate process be complete before the cause of action for bad faith insurance practice is ripe." *Id.*

The Court finds that Plaintiff's action is premature, as the fact that Defendant has not exhausted its appellate remedies means that the determination of liability in favor of Buckley made in the underlying case cannot be considered final for purposes of a bad faith action. *See Romano*, 834 F.2d at 970. While the Florida Supreme Court has not definitively addressed the question of whether the appellate process must be complete before a bad faith claim can mature,[2] Florida appellate courts interpreting *Vest v. Travelers Ins. Co.*, 753 So.2d 1270 (Fla.2000), and its progeny have answered this question in the affirmative. *See, e.g., United Auto. Ins. Co. v. Tienna*, 780 So.2d 1010, 1011 n. 4 (Fla. 4th DCA 2001) (noting that the determination of liability and damages referred to in *Vest* "must also include the appellate process."); *see also State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So.2d 633, 635–36 (Fla. 2d DCA 2008) (stating that *Vest* required a *"final* determination of both the insurer's liability and the amount of damages owed by the insurer" for a bad faith claim to mature) (emphasis added). As such, the Court finds that Plaintiff's bad faith claim is premature, given that Defendant has yet to exhaust its appeals in the underlying action.

Further, the Court finds that this action should be dismissed rather than abated. Given that bad faith is the only claim in Plaintiff's Complaint, the Court finds dismissal without prejudice to be appropriate here, especially considering the distinct possibility that Plaintiff's bad faith claim may never mature if the judgment in the underlying action is vacated or reversed on appeal. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion (D.E. 5) is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE, subject to refiling when and if all rehearings and appellate proceedings regarding Defendant's liability and the extent of the damages owed

2. In *Vest v. Travelers Ins. Co.*, 753 So.2d 1270, 1276 (Fla.2000), the Florida Supreme Court did not specify whether the appellate process in the underlying insurance action had to be complete in order for the bad faith claim to mature, for it did not have need to face this question as a settlement had occurred in the underlying action. 753 So.2d at 1270–76.

have been concluded in the underlying case.