CHALFONTE CONDOMINIUM
APARTMENT ASSOCIATION,
INC., Plaintiff,

v.

QBE INSURANCE CORPORATION,
Defendant.

Case No. 10–80584–CIV.

United States District Court,
S.D. Florida.

Aug. 30, 2010.

Tatiana B. Yaques, Daniel S. Rosenbaum, Rosenbaum Mollengarden Janssen & Siracusa PLLC, West Palm Beach, FL, for Plaintiff.

William S. Berk, Sorraya Solages, Berk Merchant & Sims PLC, Coral Gables, FL, Maria Josefa Beguiristain, Raoul G. Cantero, III, White & Case, Miami, FL, for Defendant.

*ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE PORTIONS OF THE COMPLAINT*

WILLIAM P. DIMITROULEAS,
District Judge.

THIS CAUSE is before the Court upon the Defendant's Motion to Dismiss or, in the Alternative, Motion to Strike Portions of the Complaint [DE 14], filed on August 27, 2010. The Court has carefully considered the Motion, the Plaintiff's Response [DE 19], the Defendant's Reply [DE 22], and the parties' oral arguments at the hearing on August 27, 2010, and is otherwise fully advised in the premises.

This Order memorializes the rulings from the bench made on August 27, 2010.

Plaintiff Chalfonte Condominium Apartment Association ("Chalfonte") alleges statutory bad faith by Defendant QBE Insurance Corporation ("QBE") under Fla. Stat. § 624.155. Chalfonte entered into an insurance agreement, which covered losses caused by hurricanes, with QBE in December 2004. On October 24, 2005, Hurricane Wilma struck and caused significant damage to Chalfonte. Chalfonte reported its claim to QBE, but ultimately filed suit against QBE to collect on the claim. After trial, a jury awarded Chalfonte $8,140,099.68. After post-trial motions, the award was reduced to $7,237,223.88. Chalfonte was also awarded $678,160.60 in attorney's fees and costs. QBE has appealed the district court rulings on its post-trial motion. Chalfonte cross-appealed the district court's decision to reduce the award, the calculation of prejudgment interest, and the dismissal of its statutory claim. The Eleventh Circuit certified 5 questions to the Supreme Court of Florida, which had oral arguments on the questions on March 4, 2010, but has not issued a ruling on them. Chalfonte alleges in this

case that QBE violated Fla. Stat. 626.9541(1) by not attempting in good faith to settle claims when it should have if it had acted fairly and honestly and in various other ways.

QBE filed the instant motion arguing that Chalfonte's bad-faith complaint is premature because the underlying suit is pending appeal.[1] QBE argues that the underlying breach of contract claim must be resolved before Chalfonte has a claim for statutory bad faith. QBE notes that it is seeking a new trial on appeal, among other relief.

Chalfonte argues that QBE's reliance on *Romano* is misplaced, as a recent Florida District Court of Appeal opinion ruled that appellate remedies need not have been exhausted for a bad faith claim to be ripe. *State Farm Fla. Ins. Co. v. Seville Place Condo. Ass'n, Inc.,* —— So.3d ——, ——, 2009 WL 3271300 at *4 (Fla. 3d DCA Oct. 14, 2009). Chalfonte argues that since there has been a determination of liability and extent of damages, the Court should allow this case to continue. Chalfonte also argues that no Florida court has expressly held that determination of an insurer's liability and the extent of an insured's damages must have survived appellate remedies before a bad faith claim is ripe. *Seville Place* has held the opposite. *Id.* At oral argument, Chalfonte argued that the Florida Supreme Court ruled in *Dadeland Depot* that once there is a determination in the underlying dispute, a bad faith claim is ripe. *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.,* 945 So.2d 1216, 1233 (Fla. 2006).

We find that *Dadeland Depot* is inapposite. That case dealt with a decision made by an arbitration panel, and the issue of whether it could potentially be appealed was not before the Florida Supreme Court.

*Id.* We find that reliance on *Seville Place* is unwarranted, as that case has a pending motion for rehearing and is thus non-final. *See Silvestrone v. Edell,* 721 So.2d 1173, 1175 n. 2 (Fla.1998) (holding that statute of limitations on legal malpractice does not run until final judgment is final, and specifically including pending motions for rehearing as an example of something making a judgment non-final). We further find that Florida and Southern District of Florida case law weighs in favor dismissing without prejudice or abatement, and that the reasoning behind them is stronger than that for ruling that bad faith claims are ripe before appellate remedies are exhausted. *Romano v. Am. Cas. Co. of Reading, Pa.,* 834 F.2d 968, 970 (11th Cir. 1987) (ruling that plaintiff did not have a cause of action under Fla. Stat. § 624.155(1)(b)(1) until it was resolved on appeal whether the plaintiff was liable in the underlying suit for damages beyond the policy limits); *Mich. Millers Mut. Ins. Co. v. Bourke,* 581 So.2d 1368, 1369–70 (Fla. 2d DCA 1991) (ruling that the trial court erred in lifting an abatement on a bad faith claim when the underlying contract claim under the policy was pending appeal); *Leitstein v. QBE Ins. Corp.,* 609 F.Supp.2d 1311, 1312 (S.D.Fla.2009); *Page v. QBE Ins. Corp.,* 2009 WL 1025716, 2009 U.S. Dist. LEXIS 34310 (S.D.Fla. Apr. 14, 2009); *see also Bray & Gillespie Mgmt., LLC v. Lexington Ins. Co.,* 527 F.Supp.2d 1355, 1366–67, 1372 (M.D.Fla.2007) (abating a bad faith claim until determination of liability and damages); *Hamilton v. Allstate Indem. Co.,* 2005 WL 2465021, 2005 U.S. Dist. LEXIS 41123 (M.D.Fla. Oct. 6, 2005) (ruling that a bad faith claim is premature until all appellate remedies have been exhausted).

---

1. QBE argues in the alternative that certain portions of Chalfonte's Complaint should be stricken. Because we are abating this case until resolution of the underlying claims, we need not rule on those issues at this time.

Plaintiff also objected to the dismissal of this case without prejudice for fear that the statute of limitations would run on its bad faith claims. Both parties agreed that abatement of the case, rather than dismissal, would resolve that issue and both parties preferred abatement to dismissal. We shall therefore place this case under abatement until all appellate remedies in the underlying case are exhausted, and administratively close this case. Because we are holding this case in abatement, we need not resolve at this time Defendant's argument that certain portions of Plaintiff's Complaint should be stricken.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss or, in the Alternative, Motion to Strike Portions of the Complaint [DE 14] is hereby **DENIED** without prejudice to the Defendant later raising its arguments that portions of Plaintiff's Complaint should be stricken;

2. Plaintiff's Complaint is hereby **ABATED**;

3. The parties shall file a status report every 60 days from the date of this Order informing the Court the status of the underlying case;

4. The Clerk shall administratively close this case.