# Supreme Court of Florida

_____

No. SC19-1394
_____

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Petitioner,

vs.

**MANOR HOUSE, LLC, et al.,**
Respondents.

January 21, 2021

POLSTON, J.

We review the decision of the Fifth District Court of Appeal in *Manor House, LLC v. Citizens Property Insurance Corp.*, 277 So. 3d 658, 662-63 (Fla. 5th DCA 2019), a case in which the Fifth District certified the following question of great public importance:

> IN A FIRST-PARTY BREACH OF INSURANCE CONTRACT ACTION BROUGHT BY AN INSURED AGAINST ITS INSURER, NOT INVOLVING SUIT UNDER SECTION 624.155, FLORIDA STATUTES, DOES FLORIDA LAW ALLOW THE INSURED TO RECOVER EXTRA-CONTRACTUAL, CONSEQUENTIAL DAMAGES?

For the reasons that follow, we answer the certified question in the negative.[1]

## I. BACKGROUND

This case involves a first-party breach of insurance contract claim where the insureds, Manor House, LLC, Ocean View, LLC, and Merritt, LLC (collectively Manor House), seek to recover extra-contractual, consequential damages for lost rental income totaling approximately $2.5 million from the insurer, Citizens Property Insurance Corporation (Citizens). The Fifth District set forth the facts as follows:

> Citizens insured nine apartment buildings owned by Manor House that were damaged in September 2004 when Hurricane Frances struck. Manor House presented its claims under the Citizens insurance policy; following an inspection of the property, Citizens issued payments totaling $1,927,747. In April 2006, Manor House's public adjuster, Dietz International, asked Citizens to reopen the claim. In June 2006, Manor House presented another claim, this time for $10,000,000. After reopening the claim and assigning a new adjuster, Citizens made additional payments in September 2006 totaling $345,192. Then, in December 2006, Citizens' field adjuster informally estimated the "actual cash value" of the loss at $5,489,062 and the "replacement cost value" of the loss at $6,410,456. Meanwhile, Manor House's public adjuster estimated the replacement cost value at $10,027,087.
> In an effort to resolve the dispute over costs, in March 2007 Jeffrey Wells, the apartment complex's new owner and Manor House's litigation agent, sent Citizens a letter requesting payment of the "undisputed" amount of $6.4 million, i.e. the field adjustor's informal estimate of replacement costs, and demanding an appraisal. Citizens responded by challenging Mr. Wells' authority to act on behalf of Manor House and asked for documentary proof of his authority. Citizens also asked Mr. Wells to supply documentation it

_____

1. We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const.

- 2 -

said was necessary to consider the requests for appraisal and payment, including articles of incorporation, certified ownership records, invoices for actual costs of replacement, and contracts for the work in progress. Mr. Wells responded with a letter denying that the invoices and other documents requested by Citizens were necessary to trigger an appraisal; however, he provided the insurer with a copy of his appointment as Manor House's agent.

In August 2007, Manor House filed suit demanding prompt payment of the allegedly "undisputed" amount of $6.4 million and seeking the court to compel Citizens to engage in the policy-provided appraisal procedures. The trial court granted serial motions to abate the action based upon the failure of Manor House to provide all necessary documents to Citizens. In June 2009, the trial court ordered the action stayed and directed the parties to go forward with the appraisal process. In November 2009, the appraisal panel awarded Manor House $8,649,816 in replacement cost value and $8,388,752 in actual cash value. In January 2010, Citizens paid an additional $5,502,022 to Manor House.

Manor House later filed suit against Citizens alleging, inter alia, breach of contract and fraud. On the breach claim, Manor House alleged that Citizens failed to: properly adjust the loss, pay the undisputed amount after estimates, honor Manor House's demand for appraisal, provide Manor House with documents it needed to adjust the loss, and timely pay the appraisal award. Manor House sought to recover extra-contractual damages related to rental income that it allegedly lost due to the delay in repairing the apartment complex based on Citizens' procrastination in adjusting and paying the Manor House claims.

*Manor House*, 277 So. 3d at 660-61 (footnote omitted). The trial court granted

Citizens' motion for partial summary judgment regarding the breach of contract

claim for lost rental income. *Id.* at 661. Specifically, the trial court's order

granting Citizens' motion for partial summary judgment regarding lost rental

income stated that "[n]othing in the insurance contract provides coverage for lost

- 3 -

rents," and "there is no coverage as a matter of law for these damages sought by [Manor House]."

On appeal, Manor House challenged, among other orders, the trial court's order granting Citizens' motion for partial summary judgment to prevent Manor House from pursuing a claim for extra-contractual, consequential damages. *Id.* at 659-60. The Fifth District reversed the partial summary judgment regarding the consequential damages claim. *Id.* at 660. The Fifth District acknowledged that the trial court granted Citizens' motion "based on the fact that the insurance policy essentially provided for property damage coverage, but did not provide coverage for lost rent." *Id.* at 661. The Fifth District explained that "[w]hile that is an accurate reading of the insurance policy, the trial court's ruling ignores the more general proposition that 'the injured party in a breach of contract action is entitled to recover monetary damages that will put it in the same position it would have been had the other party not breached the contract.' " *Id.* (quoting *Capitol Envtl. Servs., Inc. v. Earth Tech, Inc.*, 25 So. 3d 593, 596 (Fla. 1st DCA 2009)). The Fifth District concluded that "when an insurer breaches an insurance contract, the insured 'is entitled to recover more than the pecuniary loss involved in the balance of the payments due under the policy' in consequential damages, provided the damages 'were in contemplation of the parties at the inception of the contract.' " *Id.* (quoting *Life Inv'rs Ins. Co. of Am. v. Johnson*, 422 So. 2d 32, 34 (Fla. 4th

DCA 1982)). The Fifth District explained that "[i]n granting summary judgment, the trial court denied Manor House the opportunity to prove whether the parties contemplated that Manor House, an apartment complex, would suffer consequential damages in the form of lost rental income if Citizens breached its contractual duties to timely adjust and pay covered damages, which in this case allegedly resulted in a significant delay in completing repairs so that units could once again be rented." *Id.*

The Fifth District further concluded that while Citizens "is immune from bad faith claims . . . the consequential damages Manor House seeks are based squarely on breach of contract claims requiring no allegation or proof that Citizens acted in bad faith." *Id.* at 662. Accordingly, the Fifth District concluded that "Citizens is not statutorily immune from this aspect of Manor House's claim." *Id.*

## II. ANALYSIS

The certified question asks whether Florida law allows the insured to recover extra-contractual, consequential damages in a first-party breach of insurance contract action brought by an insured against its insurer, not involving suit under section 624.155, Florida Statutes (2019).[2] We answer the certified question in the negative, quash the Fifth District's decision, and remand. In doing so, we conclude

2. This Court reviews questions of law de novo. *See Ruiz v. Tenet Hialeah Healthsystem, Inc.*, 260 So. 3d 977, 981 (Fla. 2018).

that extra-contractual, consequential damages are not available in a first-party breach of insurance contract action because the contractual amount due to the insured is the amount owed pursuant to the express terms and conditions of the policy. Extra-contractual damages are available in a separate bad faith action pursuant to section 624.155 but are not recoverable in this action against Citizens because Citizens is statutorily immune from first-party bad faith claims. *See* § 627.351(6)(s)1., Fla. Stat. (2019); *see also Citizens Prop. Ins. Corp. v. Perdido Sun Condo. Ass'n*, 164 So. 3d 663, 664, 668 (Fla. 2015).

In the context of a first-party insurance claim, this Court has explained that "the contractual amount due the insured is the amount owed pursuant to the express terms and conditions of the policy." *Talat Enters., Inc. v. Aetna Cas. & Sur. Co.*, 753 So. 2d 1278, 1283 (Fla. 2000). Further, "the only common law action available to the insured was a breach of contract action against the insurer in which damages were limited to those contemplated by the parties in the insurance policy." *Macola v. Gov't Emps. Ins. Co.*, 953 So. 2d 451, 455-56 (Fla. 2006); *see also Talat Enters., Inc.*, 753 So. 2d at 1281 (explaining that a cause of action for first-party bad faith did not exist at common law).

In this case, the trial court and the Fifth District below both recognized that the express terms of the subject insurance policy did not include coverage for lost rental income. Specifically, the trial court concluded that "[n]othing in the

insurance contract provides coverage for lost rents," and "there is no coverage as a matter of law for these damages sought by [Manor House]." The Fifth District in *Manor House* acknowledged that the trial court read the policy accurately when it concluded that the policy provided coverage for property damage but not for lost rental income. However, the Fifth District reversed the trial court, concluding that "the insured 'is entitled to recover more than the pecuniary loss involved in the balance of the payments due under the policy' in consequential damages, provided the damages 'were in contemplation of the parties at the inception of the contract.' " *Manor House*, 277 So. 3d at 661 (quoting *Johnson*, 422 So. 2d at 34). The Fifth District further concluded that the trial court "denied Manor House the opportunity to prove whether the parties contemplated that Manor House, an apartment complex, would suffer consequential damages in the form of lost rental income if Citizens breached its contractual duties to timely adjust and pay covered damages." *Id.* The Fifth District's conclusion is based on the premise that parties can "contemplate" remedies outside the insurance policy's express terms.

However, as the trial court properly concluded, the parties must rely on what they actually have pursuant to the express terms and conditions of the insurance policy. *See Prudential Prop. & Cas. Ins. Co. v. Swindal*, 622 So. 2d 467, 472 (Fla. 1993) ("Courts are to give effect to the intent of the parties as expressed in the policy language . . . ."); *see also QBE Ins. Corp. v. Chalfonte Condo. Apartment*

*Ass'n*, 94 So. 3d 541, 549 (Fla. 2012) (declining to adopt the doctrine of reasonable expectations in the insurance context). Accordingly, we must give effect to the express terms of the subject insurance policy, which does not provide lost rental income coverage.

Manor House seeks to recover extra-contractual, consequential damages in this case based on Citizens' alleged failure to timely adjust the loss, wrongful denial of the claim, and delay and failure to timely pay the claim. These allegations are found in a first-party bad faith action where an insured sues his or her own insurance company for improper denial of benefits. *See Time Ins. Co. v. Burger*, 712 So. 2d 389, 391 (Fla. 1998). Through the enactment of section 624.155, the Legislature has established the current framework for a first-party bad faith cause of action, which allows for the recovery of extra-contractual damages against an insurer. *See* § 624.155(1)(a) (providing that "[a]ny person may bring a civil action against an insurer when such person is damaged" by a violation by the insurer of certain statutory provisions, including section 626.9541(1)(i), Florida Statutes (2019), which prohibits unfair claim settlement practices); § 624.155(1)(b)1., Fla. Stat. (providing a cause of action against an insurer for "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests"); *see also Talat Enters., Inc.*, 753 So.

- 8 -

2d at 1283 ("Section 624.155(1)(b), Florida Statutes (1993), then, is correctly read to authorize a civil remedy for extra contractual damages if a first-party insurer does not pay the contractual amount due the insured after all the policy conditions have been fulfilled . . . ."). But Citizens is "a government entity that is an integral part of the state, and that is not a private insurance company," and this Court has concluded that Citizens is statutorily immune from first-party bad faith claims. *See* § 627.351(6)(a), (s)1.; *see also Perdido Sun Condo. Ass'n*, 164 So. 3d at 664 ("[A] statutory first-party bad faith cause of action under section 624.155(1)(b) is not an exception to the immunity granted to Citizens by the Legislature."). Accordingly, extra-contractual damages are not recoverable in this action against Citizens.

### III. CONCLUSION

For the above reasons, we answer the certified question in the negative, quash the Fifth District's decision, and remand for proceedings consistent with this opinion. In doing so, we conclude that extra-contractual, consequential damages are not available in a first-party breach of insurance contract action because the contractual amount due to the insured is the amount owed pursuant to the express terms and conditions of the insurance policy. Extra-contractual damages are available in a separate bad faith action pursuant to section 624.155 but are not recoverable in this action against Citizens because Citizens is statutorily immune from first-party bad faith claims.

It is so ordered.

CANADY, C.J., and LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.
GROSSHANS, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Great Public Importance

Fifth District - Case No. 5D17-2841

(Brevard County)

Raoul G. Cantero, David P. Draigh, and Ryan A. Ulloa of White & Case LLP, Miami, Florida; Kara Rockenbach Link and Daniel Schwarz of Link & Rockenbach, P.A., West Palm Beach, Florida; and J. Pablo Caceres of Butler Weihmuller Katz Craig LLP, Tampa, Florida,

   for Petitioners

Alexander Brockmeyer, Molly Brockmeyer, and Mark Boyle of Boyle, Leonard & Anderson, P.A., Fort Myers, Florida,

   for Respondent

Kansas R. Gooden of Boyd & Jenerette, PA, Miami, Florida; and Derek J. Angell of Bell & Roper, P.A., Orlando, Florida

   for Amicus Curiae Florida Defense Lawyers Association

Timothy J. Meenan, Thomas P. Crapps, and Kirsten Matthis of Meenan P.A., Tallahassee, Florida,

   for Amici Curiae Florida Insurance Council, Personal Insurance Federation of Florida, American Property Casualty Insurance Association, and National Association of Mutual Insurance Companies

Matthew B. Weaver, R. Hugh Lumpkin, and Noah S. Goldberg of Reed Smith LLP, Miami, Florida,