# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSBUILDERS INSURANCE SERVICES, INC., A FOREIGN CORPORATION; AND NBIS CONSTRUCTION & TRANSPORT INSURANCE SERVICES, INC., A FOREIGN CORPORATION,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE MARK R. DENTON, DISTRICT JUDGE,
Respondents,
and
DIANE SANCHEZ,
Real Party in Interest.

No. 84227

**FILED**

MAY 04 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION*

This original petition for a writ of mandamus or prohibition challenges a district court order denying reconsideration of petitioners' motion to stay the underlying bad faith insurance action against them while the personal injury action upon which the bad faith suit is based is decided on appeal. Petitioners also filed an emergency motion seeking to stay the district court proceedings pending our consideration of this petition, and on February 14, 2022, we granted a temporary stay pending our receipt and consideration of any opposition to the stay motion and further order of this

22-14204

court. Briefing on the stay motion has been completed, and real party in interest has filed an answer to the writ petition.[1]

Having reviewed the petition, answer, and supporting documents, we conclude that our extraordinary and discretionary intervention in this matter is not warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). In particular, petitioners have not demonstrated that the district court manifestly abused its discretion or exceeded its jurisdiction in refusing to stay the bad faith litigation while an appeal from an order denying NRCP 60(b) relief from the default excess judgment remains pending. *See, e.g., Romano v. Am. Cas. Co. of Reading, Pa.*, 834 F.2d 968, 969-70 (11th Cir. 1987) (recognizing that a bad-faith insurance claim accrues when an excess judgment against the insured becomes final); NRCP 60(c)(2) ("The motion

---

[1]Real party in interest's motion for an extension of time to file the answer is granted; thus, the answer was timely filed on April 4, 2022.

Additionally, real party in interest has moved to de-designate as confidential, or to file under seal, claims file notes, which are currently deemed confidential pursuant to the parties' stipulated protective order. Petitioners oppose the motion, asserting that they are not the custodians of those confidential records and that a similar motion remains pending below. The motion to de-designate or file under seal is denied.

[for NRCP 60(b) relief] does not affect the judgment's finality or suspend its operation."). Accordingly, we

ORDER the petition DENIED.[2]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:   Hon. Mark R. Denton, District Judge
Lipson Neilson P.C.
Prince Law Group
Eighth District Court Clerk

---

[2]In light of this order, we deny the stay motion as moot and vacate our February 14 temporary stay.

